<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **NOAH MOSLEY**, <br><br> Plaintiff, <br><br> v. <br><br> **STATE OF NEW JERSEY**, *et al.*, <br><br> Defendants. | Civil Action No. 20-18885 (ZNQ) (DEA) <br><br> **OPINION** |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon two motions to dismiss the Complaint pursuant to Federal Rules of Civil Procedure[1] 12(b)(1) and 12(b)(6), and a motion for judgment on the pleadings under Rule 12(c). The Court has carefully considered the parties' submissions and decides the Motions without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will grant in part and deny in part the motion to dismiss (ECF No. 2) filed by defendants Township of Edison, Charles Zundel, and Michael Carullo, grant the motion for judgment on the pleadings under Rule 12(c) (ECF No. 12) filed by County of Middlesex, and grant in part and deny in part the motion to dismiss (ECF No. 20) filed by defendants State of New Jersey, Andrew Carey, Tzvi Dolinger, and Bina Desai.

---

[1] For the sake of brevity, all references herein to "Rule" or "Rules" will be to the Federal Rules of Civil Procedure.

1

I.     **BACKGROUND AND PROCEDURAL HISTORY**

To decide motions to dismiss under Rules 12(b)(1) and 12(b)(6), the Court accepts the non-conclusory allegations in the Complaint as true.[2] ("Compl." or "Complaint," ECF No. 1.)

Defendant Zundel, an officer employed by Defendant Township of Edison, was present on the scene where the drug transaction occurred and in which one person was arrested and one escaped. (Compl. ¶¶ 20–23.) Although Zundel did not see the person who escaped, he identified Plaintiff Noah Mosley as the escaped suspect based on his observation of a DMV photo. (*Id.* ¶ 23.) Defendant Carullo, a detective employed by Defendant Township of Edison, prepared reports, drafted a criminal complaint implicating Plaintiff as the person who escaped the scene, and obtained warrants for Plaintiff's arrest based on Zundel's identification. (*Id.* ¶ 24.) On September 12, 2014, Plaintiff was arrested by Defendant Police Officers John Doe and Jane Doe, who are members of the Edison Police Department, and his car was confiscated and subsequently seized. (*Id.* ¶ 25.)

Plaintiff posted bail for the charges relating to his narcotics arrest on September 19, 2014. (*Id.* ¶ 26.) The Middlesex County Prosecutor's Office, through county prosecutor Defendant Andrew Carey, then sought to prosecute Plaintiff in state court for violating the terms of his probation in an unrelated case. (*Id.*) Defendant State of New Jersey, represented by Defendants Tzvi Dolinger and Bina Desai[3] (collectively with Carey, the "Prosecutor Defendants"), relied on Carullo's reports and testimony to prosecute the violation. (*Id.* ¶ 27.) Ultimately, Plaintiff was sentenced to five years imprisonment on January 15, 2015 for violating probation in an unrelated case and committed to the custody of the New Jersey Department of Corrections. (*Id.* ¶ 31.)

---

[2] *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).
[3] The Court notes that Defendant's name is Bina K. Desai, not Desani.

2

Later that year, Plaintiff was tried in state court for the narcotics violations. (*Id.* ¶¶ 32–34.) Dolinger prosecuted the charges on behalf of the State of New Jersey. (*Id.* ¶ 34.) Zundel first testified that he had observed Plaintiff's hand connect with the person purchasing narcotics. (*Id.* ¶ 34.) He later changed his testimony during trial and denied observing the connection. Two other witnesses testified to confirm that Plaintiff was not present at the narcotics deal. (*Id.* ¶¶ 36–37.) On January 23, 2018, the trial court found Plaintiff not guilty on all charges related to the alleged narcotics incident. (*Id.* ¶ 38.)

The issue of Plaintiff's probation violation, however, continued. The Appellate Division affirmed the violation, but on March 6, 2018, the New Jersey Supreme Court reversed in *State v. Mosley*, 232 N.J. 169, 190 (N.J. 2018) on the basis that Plaintiff was deprived of an important due process confrontation right. (Compl. ¶¶ 40–42.) On October 17, 2018, the trial court entered an Amended Judgment of Conviction consistent with the New Jersey Supreme Court ruling but did not enter an amended judgment vacating the violation of probation. (*Id.* ¶ 43.) According to Plaintiff, the trial court amended the judgment to make it appear that Plaintiff's sentence on the violation of probation was valid, commenting that "Probation withdrew the Violation of Probation" and "Mr. Mosley fully served the five (5) year prison term for which he was resentenced to this violation of probation." (*Id.*)

On October 13, 2020, Plaintiff filed this suit in New Jersey state court to redress the deprivations of his rights, privileges, and immunities secured by the Fourth Amendment, Fifth Amendment, Ninth Amendment, and Fourteenth Amendment to the U.S. Constitution through 42 U.S.C. §§ 1983, 1985, and 1986.[4] Plaintiff also alleged violations of his rights under the New

---

[4] Plaintiff alleges five counts under 42 U.S.C. § 1983: false arrest/false imprisonment, false statement in accusatory instrument, abuse of process, conspiracy to violate civil rights, and negligent failure to prevent civil rights violation. (Compl. ¶¶ 90–111.) The § 1983 counts are against all defendants and include the individual defendants in their official and individual capacities.

Jersey Constitution, New Jersey Civil Rights Act (N.J.S.A. § 10:6-2), and the common laws of the State of New Jersey.[5]

Defendants Township of Edison, Zundel, and Carullo (collectively, the "Edison Defendants") removed this case to this Court based on federal question jurisdiction. Soon after, Edison Defendants timely filed this motion to dismiss pursuant to Rule 12(b)(6) (the "Edison Motion," ECF No. 2) and a brief supporting the Edison Motion (the "Edison Motion Br.," ECF No. 2-2). Defendant County of Middlesex ("Middlesex") timely filed an answer to the complaint (the "Middlesex Answer," ECF No. 7), a motion for judgment on the pleadings[6] (the "Middlesex Motion," ECF No. 12), and a brief supporting the Middlesex Motion (the "Middlesex Motion Br.," ECF No. 12-1). Finally, Defendants State of New Jersey, Andrew Carey, Tzvi Dolinger, and Bina K. Desai (collectively, the "State Defendants") timely filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) (the "State Motion," ECF No. 20) and a brief supporting the State Motion (the "State Motion Br.," ECF No. 20-1). Plaintiffs filed briefs opposing the Edison Motion ("Edison Opp'n Br.," ECF No. 4) and opposing the Middlesex Motion[7] ("Middlesex Opp'n Br.,"

---

[5] Plaintiff's ten state-law counts include: false arrest/imprisonment, injurious falsehood, libel/libel per se, slander/slander per se, negligence, conspiracy under New Jersey common law, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent hiring/supervision/retention, and civil rights conspiracy under N.J.S.A. § 10:6-2. The negligent hiring count is against the Township of Edison, County of Middlesex, State of New Jersey, Edison Police Department, and Carey. The common law conspiracy and statutory civil rights conspiracy claims are against all defendants and include the individual defendants in their official and individual capacities. The rest of the state law claims are against Carey, Dolinger, Desai, Zundel, and Carullo in their official and individual capacities.

[6] The Middlesex Motion is mistakenly styled as a motion to dismiss. The Court construes it as a Motion for Judgment on the Pleadings for two reasons. First, the motion itself invokes Rule 12(c), the paragraph applicable to motions for judgment on the pleadings. Second, Middlesex filed an Answer prior to its motion, rendering any motion to dismiss untimely under Rule 12(b). The distinction between a motion to dismiss and a motion for judgment on the pleadings, however, does not affect the Court's decision on the Middlesex Motion.

[7] Plaintiff styled his opposition brief as an opposition to both the Middlesex Motion and State Motion. However, the brief responds to Defendant State of New Jersey's initial motion to dismiss (ECF No. 8), not the superseding motion to dismiss at issue here (ECF No. 20). Nonetheless, rather than granting the State's second motion to dismiss as unopposed in a procedural sense, the Court instead applies Plaintiff's earlier opposition to the State's motion. Notably, however, as set for the below, Plaintiff's opposition did not respond in substance to either of the State's motions but asked the Court to instead "decline to address Defendants [sic] arguments on the merits" and "deny Defendants' request for dismissal and remand the case." (Middlesex Opp. at 1.)

4

ECF No. 17). Edison Defendants replied. ("Edison Reply Br.," ECF No. 5). Middlesex likewise replied. ("Middlesex Reply Br.," ECF No. 17).

## II. LEGAL STANDARD

A complaint may be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). On a motion to dismiss pursuant to Rule 12(b)(6), a reviewing court must accept the plaintiff's non-conclusory factual allegations as true. *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990). However, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must provide the opportunity to amend a complaint that is subject to a Rule 12(b)(6) dismissal unless doing so would be inequitable or futile. *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008); *see Oran v. Stafford*, 34 F. Supp. 2d 906, 913–14 (D.N.J. 1999), *aff'd*, 226 F.3d 275 (3d Cir. 2000). Thus, dismissal for failure to state a claim is justified where there is an "insuperable barrier" to a claim, such as immunity. *See Flight System, Inc. v. Elec. Data Sys.*, 112 F.3d 124, 127–28 (3d Cir. 1997); *Camero v. Kostos*, 253 F. Supp. 331, 338 (D.N.J. 1966).

A motion to dismiss pursuant to 12(b)(6) "must be filed before any responsive pleading," but a motion for judgment on the pleadings pursuant to Rule 12(c) may be filed at any time. *United States v. Estate of Elson*, 421 F. Supp. 3d 1, 4 (D.N.J. 2019). When a Rule 12(c) motion asserts that the complaint fails to state a claim, the Rule 12(b)(6) standards apply: the court must accept the nonmoving party's well-pleaded factual allegations as true, construe those allegations in the light most favorable to the nonmoving party, and disregard any unsupported conclusory statements. *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 262–63 (3d Cir. 2008); *Phillips*, 515 F.3d

5

at 233.  Under Rule 12(c), a court will grant judgment on the pleadings if, on the basis of the pleadings, no material issue of fact remains and the movant is entitled to judgment as a matter of law.  *DiCarlo*, 530 F.3d at 259.

### III.     DISCUSSION

#### A.     Edison Motion

Edison Defendants argue that a two-year statute of limitations bars all of Plaintiff's state law claims (Counts I–X) and federal law claims (Courts XI–XV).  (Edison Motion Br. at 13–14.)  They contend that the statute of limitations began running on September 12, 2014 for the false arrest claim, on January 23, 2018 for the malicious prosecution on the narcotics charges, and on March 6, 2018 for the malicious prosecution on the violation of probation charge.  (*Id*. at 14.)  Given the Complaint was filed on October 13, 2020, Edison Defendants argue the claims against them should be dismissed with prejudice.  (*Id*.)

Plaintiff's opposition first objects to the law firm's representation of all Edison Defendants.  (Edison Opp'n Br. at 2.)  He next argues for remand because the Court lacks subject matter jurisdiction in light of the fact that State Defendants—and Edison Defendants as agents of the State—are entitled to Eleventh Amendment immunity.  (*Id.*)  Plaintiff also argues that the case must be remanded to state court because Edison Defendants did not obtain consent of all defendants before removal to federal court.  (*Id.* at 3.)  With respect to the accrual dates, Plaintiff argues that the dates are incorrect because the harms he suffered are part of a pattern and therefore the continuing violations theory applies.  (*Id*. at 3–4.)  Alternatively, Plaintiff argues that the deferred accrual rule from *Heck v. Humphrey*, 512 U.S. 477 (1994), should apply.  (*Id.* at 5.)  Thus, the accrual of his claims should be deferred until October 17, 2018, the date that his criminal judgment was amended by the trial court to invalidate the violation of probation.  (*Id*.)  Finally,

Plaintiff notes that the conspiracy counts survive because Edison Defendants did not argue for their dismissal. (*Id.*)

On reply, Edison Defendants note that Plaintiff's opposition brief was filed a day late and thus their motion should be treated as unopposed. (Edison Reply Br. at 1.) Regardless, Edison Defendants assert that there is no conflict of interest for its attorneys, the remand argument is untimely, and the continuing violations theory is a tolling argument that should be rejected. (*Id.* at 1–5.) They also argue for the first time that the conspiracy count under § 1985 should be dismissed under Rule 12(b)(6). (*Id.* at 5–6.)

The Court begins with two procedural points. First, although Plaintiff's opposition brief was filed a day late, the Court will excuse his negligible delay in favor of addressing the merits of the parties' arguments. Second, the Court will not consider Edison Defendant's attempt to seek dismissal of the conspiracy counts under Rule 12(b)(6) for the first time on Reply because it deprived Plaintiff of an opportunity to respond. *See International Raw Materials, Ltd. v. Stauffer Chem. Co.*, 978 F.2d 1318, 1327 n.11 (3d Cir. 1992) (refusing to decide the merits of a theory first raised in a reply brief).

Of more substance, to the extent that Plaintiff's brief challenges the removal of this case, Edison Defendants are correct that Plaintiff is constrained by 18 U.S.C. § 1447(c), which bars Plaintiff from seeking remand on any issue other than subject matter jurisdiction because 30 days elapsed. Accordingly, the Court must set aside Plaintiff's challenges to the propriety of the removal other than those directed to subject matter jurisdiction.

Here, Plaintiff's concerns that Edison Defendants may be entitled to Eleventh Amendment immunity as agents of the State are belied by the fact that Edison Defendants have not asserted

7

that immunity.[8]  Moreover, whether the State is entitled to Eleventh Amendment immunity does not deprive this Court of jurisdiction over the remaining claims.  *See American Capital Acquisitions Partners LLC v. Fortigent LLC*, 595 Fed. App'x 113, 116 (3d Cir. 2014) (assertion of Eleventh Amendment bar as to certain claims does not destroy removal jurisdiction over remaining claims).

The Court will now address Edison Defendants' substantive statute of limitations arguments.  The statute of limitations for federal claims brought pursuant to 42 U.S.C. § 1983 in this district is the statute of limitations for a personal-injury tort in New Jersey.  42 U.S.C. § 1988; *Board of Regents v. Tomanio*, 446 U.S. 478, 483–84 (1980); *Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000).  While state law controls the statute of limitation, federal law controls when the cause of action accrues.  *Estate of Lagano v. Bergen Middlesex Prosecutor's Office*, 769 F.3d 850, 860 (3d Cir. 2014).

In general, federal courts apply the discovery rule for determining when a § 1983 cause of action accrues.  Under the rule, the action accrues when a plaintiff knew or should have known the wrongful act or omission resulted in damages.  *Wallace v. Kato*, 549 U.S. 384, 391 (2007); *see Lagano*, 769 F.3d at 861 ("The record demonstrates that Lagano himself knew about the allegedly unlawful search and seizure by March 2005 at the latest, and thus had a complete cause of action at that time.").  However, a deferred-accrual rule instead applies when a § 1983 claim relies on an invalidated sentence, primarily because the § 1983 claim would be barred by the *Heck* doctrine if a plaintiff attempted to bring it earlier.  *Coello v. DiLeo*, Civ. No. 21-2122, 2022 WL 3148024, at *6 (3d Cir. Aug. 8, 2022).  The deferred-accrual rule applies to § 1985 claims as well.  (*Id*.)  In the

---

[8] In any event, even if Edison Defendants wished to do so, as the removing defendants who sought this federal forum and thereby consented to its jurisdiction, it is doubtful that they would be entitled to assert Eleventh Amendment immunity from suit in this Court.  *See Royster v. New Jersey State Police*, 227 N.J. 482, 494–495 (2017) (citing *Lapides v. Board of Regents*, 535 U.S. 613, 624 (2002); *Lombardo v. Pennsylvania*, 540 F.3d 190, 197 (3d Cir. 2008)).

8

line of *Heck* cases, federal courts consider what tort the plaintiff's claims are most akin to and apply principles from those tort cases. *Id.* at *7. In such situations, the court must look to when the case was "favorably terminated," *i.e.*, when "the prosecution terminate[d] without a conviction." *Coello*, 2022 WL 3148024, at *7 (citations omitted).

Here, Plaintiff's malicious prosecution-related claims easily fall into the sphere of *Heck* because his allegations arise from the use of false testimony in a criminal proceeding. (Compl. ¶¶ 23, 24, 35.) Insofar as Plaintiff's claims are analogous to the tort of malicious prosecution, the accrual date will be the date the violation of probation charge "ended without a conviction." *Thompson v. Clark*, 142 S.Ct. 1332, 1341 (2022). Although Plaintiff argues that the date the judgment was amended (October 17, 2018) should be the date of accrual, Plaintiff's rights were clarified by the New Jersey Supreme Court's decision, not by the amendment of his judgment. The prosecution terminated without a conviction for the narcotics charges on January 23, 2018[9] and for the violation of probation charge on March 6, 2018[10]. As to the claims arising out of § 1983, § 1985, and the New Jersey Civil Rights Act[11], Plaintiff's cause of actions that arose prior to the New Jersey Supreme Court's decision accrued on March 6, 2018, the date the New Jersey Supreme Court reversed Plaintiff's violation of probation charge. As such, the "False Arrest/False Imprisonment" charge (Count XI) and "False Statement in Accusatory Instrument" (Count XII) were untimely by March 6, 2020. However, Plaintiff's cause of action for the "State Conspiracy" claim (Count X), "Abuse of Process" claim (Count XIII), "Conspiracy to Violate Plaintiff's Civil Rights" claim (Count XIV), and "Negligent Failure to Prevent Civil Rights Violation" (Count XV) accrued upon the state trial court's alleged failure to correctly amend Plaintiff's Judgment of

---

[9] *I.e.*, when Plaintiff was found not guilty of all offenses by the jury. (Am. Compl. ¶¶ 38–39.)
[10] *I.e.*, when the New Jersey Supreme Court reversed the lower court's determination. (Am. Compl. ¶ 40.)
[11] Plaintiff alleges these as Counts VI, X, XI, XII, XIII, XIV, and XV.

9

Conviction; as such, they accrued on October 17, 2018 and thus were timely by the date of filing the complaint, October 13, 2020.  At this point, however, the allegedly incorrect Judgment of Conviction has not yet been declared invalid by a state tribunal, implicating *Heck*, 512 U.S. 477, 487 (1994), as to Plaintiff's request for monetary damages and *Rooker-Feldman* doctrine as to Plaintiff's other requests.  As such, the Court must find that Counts XIII, XIV, and XV are premature until the amended Judgment of Conviction is found invalid.  Thus, the Court dismisses Counts XI and XII with prejudice as time-barred, and dismisses Counts XIII, XIV, and XV without prejudice.

Plaintiff alternatively argues that the continuing violations doctrine applies here, but it fares no better.[12]  (Edison Opp'n Br. at 3–4.)  A plaintiff must point to an affirmative act that took place within the limitations period for the continuing violations doctrine to apply.  *See Cowell v. Palmer Tp.*, 263 F.3d 286, 293 (3d Cir. 2001) ("The focus of the continuing violations doctrine is on affirmative acts of the defendants.").  Importantly, continual unlawful acts can serve as the basis of a continuing violation, while continual ill effects from an original violation cannot.  *Cibula v. Fox*, 570 Fed. App'x 129, 136 (3d Cir. 2014).  Plaintiff argues that the amended Judgment of Conviction is an affirmative act for the purpose of the continuing violations doctrine because it did not and does not properly express the Supreme Court's decision on his violation of probation charge. (Edison Opp'n Br. at 3.)  However, Plaintiff's argument requires this Court to review the trial court's amended conviction and determine that it was unlawful, which would almost certainly conflict with the *Rooker-Feldman* doctrine. (Edison Opp'n Br. at 4.)  Thus, Plaintiff has failed to

---

[12] The continuing violations doctrine is not a tolling argument and is instead an alternate argument for timeliness. *See Montanez v. Secretary Pennsylvania Dept. of Corrections*, 773 F.3d 472 (3d Cir. 2014).  Plaintiff did not argue that tolling applies.

10

show that the continuing violations doctrine applies. Accordingly, the Court will dismiss the federal claims with respect to Edison Defendants with prejudice.

Moreover, given the Court has resolved the claims over which it has original jurisdiction, the Court will decline to exercise supplemental jurisdiction over the remaining state claims. 28 U.S.C. § 1367(c)(3); *see American Capital Acquisition Partners LLC v. Fortigent LLC*, 595 Fed. App'x 113, 117 (3d Cir. 2014) (under district court's discretion to remand state counts under § 1447(c) after disposition of federal counts); *see also Ohad Associates v. Township of Marlboro*, Civ. No. 10-2183, 2010 WL 3326674, at *6 (D.N.J. Aug. 23, 2010) (in making decision between remand under 28 U.S.C. § 1367(c) and retention of state law claims, "court must consider the consequences of its decision in terms of judicial economy, convenience, and fairness to the litigants, and principles of comity."). Plaintiff's claims raise potentially novel or complex questions regarding the applicability of defamation claims to statements in state court orders, which the Court believes are better handled by a state court. As such, the Court will remand Counts I through X pled against Edison Defendants. It will also dismiss Counts XI and XII with prejudice as time-barred and dismiss Counts XIII, XIV, and XV without prejudice.

**B.     State Motion**

Defendant State of New Jersey and the Prosecutor Defendants argue that prosecutorial immunity, absolute immunity, Eleventh Amendment immunity, and/or qualified immunity apply here. (State Motion Br. at 1–2.) To the extent the named immunities do not warrant dismissal, Prosecutor Defendants further argue that: (1) they are not considered "persons" under 42 U.S.C. § 1983 and New Jersey Civil Rights Act § 1983; (2) the Complaint was filed beyond the two-year statute of limitations and thus is time-barred; (3) the claim for the tort of intentional infliction of emotional distress lacks the required element of pleading conduct of "extreme" and "outrageous"

11

behavior. (*Id.*)  Although Plaintiff filed an opposition brief to the State Motion (ECF No. 17), Plaintiff does not respond to any arguments.  Instead, Plaintiff argues that 28 U.S.C. §§ 1441(a) and 1446(a) are unconstitutional as applied to him because Sections 1441(a) and 1446(a) deprived him of his constitutional right to access the court and to have all of his claims decided at a meaningful time and in a meaningful manner. (Middlesex Opp'n Br. at 10.)  The Court sets these arguments aside because, as set forth above, Plaintiff's challenge to the removal of this suit is limited to disputing subject matter jurisdiction.

The Eleventh Amendment prohibits suits against a state by its own citizens except where the state carves out its immunity.  *Florida Prepaid Postsecondary Education Expense Board v. College Sav. Bank*, 527 U.S. 627, 669–70 (1999).  This immunity can extend to state departments and agencies that are arms of the State.  *Bowers v. National Collegiate Athletic Ass'n*, 475 F.3d 524, 545 (3d Cir. 2007) (citing *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997)).  However, this immunity does not extend to counties and municipalities despite their status as political subdivisions of a state.  *Karns v. Shanahan*, 879 F.3d 504, 513 (3d Cir. 2018).

State Defendants argue, and Plaintiff does not dispute, that the State of New Jersey should be afforded Eleventh Amendment immunity and the Prosecutor Defendants should be afforded prosecutorial immunity or, in the alternative, that State Defendants are not "persons" under the meaning of 42 U.S.C. § 1983 and New Jersey's Civil Rights Act.  (State Motion Br. at 1–2.)  Consistent with prior precedent and given that Plaintiff has not pled reasons why the State of New Jersey's immunity should be abrogated, the Court finds the State of New Jersey has Eleventh Amendment immunity from suit.  *Garcia v. Richard Stockton College of New Jersey*, 210 F. Supp. 2d 545, 549 (D.N.J. 2002); *cf. Lombardo v. Pa. Dep't of Pub. Welfare*, 540 F.3d 190, 194 (3d Cir. 2008) (state waives liability if it removes to federal court).

Plaintiff also requests "expungement of his arrest, [violation of probation], [and] sentence and confinement" from the Court in all the federal counts the State of New Jersey is named in: Counts XI through XV.  Although the *Ex parte Young* doctrine provides that Eleventh Amendment immunity does not prohibit injunctions against officials acting on behalf of states from proceeding in federal courts, Plaintiff's request for relief more resembles a request to review and alter the state court's amendment, a request that this Court is prohibited to hear under the *Rooker-Feldman* doctrine.  As such, on the basis of the State of New Jersey's immunity and the *Rooker-Feldman* doctrine, the Court will remand the claims against the State.

Prosecutors may also be "absolutely immune from a civil suit for damages" for "activities intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976).  A prosecutor bears the "heavy burden" of establishing entitlement to absolute immunity. *Light v. Haws*, 472 F.3d 74, 80–81 (3d Cir. 2007).  In light of the Supreme Court's "quite sparing" recognition of absolute immunity to § 1983 liability, courts begin with the presumption that qualified rather than absolute immunity is appropriate. *Carter v. City of Philadelphia*, 181 F.3d 339, 355 (3d Cir.1999) (citing *Burns v. Reed*, 500 U.S. 478, 486–87 (1991)).  However, the Third Circuit has specifically recognized that a prosecutor's alleged failure to properly investigate before initiating a prosecution is conduct within the scope of absolute immunity.  *See Rose v. Bartle*, 871 F.2d 331, 345 & n.12 (3d Cir.1989) (affirming absolute immunity from allegation of instituting grand jury proceedings without investigation and without good faith belief that any wrongdoing occurred); *Schrob v. Catterson*, 948 F.2d 1402, 1411 (3d Cir. 1991) (quoting *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir.1979) (affirming that alleged failure to investigate prior to filing an Information is protected by absolute immunity)).

The absolute prosecutorial immunity analysis "focuses on the unique facts of each case and requires careful dissection of the prosecutor's actions" to determine whether a prosecutor's actions were "quasi-judicial" and entitled to absolute immunity or "administrative or investigatory" and not so entitled. *Odd v. Malone*, 536 F.3d 202, 210 (3d Cir. 2008). "Quasi-judicial" actions are acts "intimately associated with the judicial phases of litigation," but not to administrative or investigatory actions unrelated to initiating and conducting judicial proceedings. *Giuffre v. Bissell*, 31 F.3d 1241, 1251 (3d Cir. 1994) (quoting *Imbler*, 424 U.S. at 430). In general, core prosecutorial duties, such as the decision to arrest a criminal defendant, file charges, or present evidence at trial, are considered quasi-judicial actions to which absolute immunity attaches. *Kulwicki v. Dawson*, 969 F.2d 1454, 1464 (3d Cir. 1992). The timing (*e.g.*, pre- or post-indictment) and location (*i.e.*, in- or out-of-court) of the prosecutor's actions are relevant to the extent that they bear upon the nature of the function the prosecutor is performing. *Id.* Because the analysis looks to the nature of the function performed and not the identity of the actor, absolute immunity extends to prosecutors sued in their individual capacity. *Cf. Brooks v. Fitch*, 534 F. Supp. 129, 137 (D.N.J. 1981) (assuming prosecutor's dual legal capacity applies in a specific act, theory that absolute immunity applies in official capacity but not individual capacity "would eviscerate the policy behind prosecutorial immunity" and effectively circumvent immunity granted to prosecutors.)

In *Yarris v. County of Delaware*, 465 F.3d 129, 138 (3d Cir. 2006), prosecutors did not show an entitlement to absolute immunity at the motion-to-dismiss stage for concocting a false and fabricated confession because prosecutors did not establish whether the action happened during preliminary investigation or after deciding to indict. As such, the prosecutors did not demonstrate that they had begun working as the state's advocates in the prosecution. *Id.* at 138–

14

39. On the other hand, a prosecutor who fabricated a confession would be absolutely immune if he did so while prosecuting the case. *Kulwicki*, 969 F.2d at 1467.

The Court first turns to allegations against Carey. "Before the criminal prosecution for the aforementioned indictment could take place, [Carey], based upon fabricated police reports and other false information, sent the case back before the [state court] to address Plaintiff's violation of probation." (Compl. ¶ 26.) At this point, Plaintiff had been arrested on the narcotics charges and was released on bail; Defendant Carey chose to prosecute the violation of probation charge against Plaintiff, a core prosecutorial role. *See Kulwicki*, 969 F.2d at 1464. The Court finds this clearly falls into the quasi-judicial role because "it relates to initiating a prosecution and [] presenting the State's case," one of the most basic prosecutorial duties. *Odd*, 536 F.3d at 208 (quoting *Imbler*, 424 U.S. at 431); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 272–73 (1993) ("[A]n out-of-court effort to control the presentation of a witness' testimony was entitled to absolute immunity because it was fairly within the prosecutor's function as advocate.") (internal quotations omitted). Given that this is the only allegation against Carey, the Court finds that Carey has shown he is entitled to absolute immunity in his official and individual capacity with respect to the federal claims. He will therefore be dismissed with prejudice.

Next, the Court turns to allegations against Dolinger and Desai. Dolinger and Desai "used the false and fabricated information that Defendant was a criminal suspect to seek the revocation of Defendant's probation." (Compl. ¶ 27.) Desai "offered the testimony of Carullo, who again, did not witness the incident and had no personal knowledge of the allegations asserted." (*Id*. ¶ 28.) "Defendant Dolinger prosecuted the case on behalf of Defendant, NJ." (*Id*. ¶ 34.) "Agreeing with Defendant Dolinger's objections," the state court did not vacate the violation of parole and maintained that Plaintiff pled guilty to Violation of Probation. (*Id*. ¶ 43.) At this point of the

15

proceedings, Dolinger and Desai were acting in-court, post-indictment, and in furtherance of fully litigating the charges. To the extent that Plaintiff argues that Dolinger and Desai improperly relied on Carullo's and Zundel's reports without investigating, the Third Circuit has made clear this is not sufficient to remove absolute immunity while presenting the case in front of a court. *See Rose v. Bartle*, 871 F.2d 331, 345 & n.12 (3d Cir. 1989). As such, the Court finds Dolinger and Desai have shown they are entitled to absolute immunity in each of their official and individual capacities for the federal claims because they acted in a quasi-judicial role. Thus, the Prosecutor Defendants are entitled to immunity against damages stemming from Plaintiff's federal claims.

Plaintiff also requests "expungement of his arrest, [violation of probation], [and] sentence and confinement" in each of the counts. Given that Prosecutor Defendants do not appear to have the authority to amend Plaintiff's Judgment of Conviction, the Court will dismiss the federal claims with prejudice. Given that the Court has dismissed all federal claims against State Defendants, the Court will remand the remaining state claims (Counts I through X) to state court pursuant to 28 U.S.C. § 1367(c)(3).

### C. Middlesex Motion

Defendant Middlesex argues that the Complaint fails to state a claim against it and thus should be dismissed under Rule 12(c). (Middlesex Motion Br. at 2.) Defendant Middlesex argues that "Plaintiff has not set forth any cognizable claim against Middlesex" and instead relies on the actions of Edison Defendants to hold Defendant Middlesex liable as the employer of Carey, Dolinger, Desai, Zundel, and Carullo. (*Id.* at 4.) As such, Defendant Middlesex requests the Court to dismiss the Complaint. (*Id.* at 5.)

Although Plaintiff filed an opposition brief to the Middlesex Motion (ECF No. 17), Plaintiff does not respond to any arguments put forth in the Middlesex Motion. Instead, Plaintiff

challenged the constitutionality of this suit's removal. (Middlesex Opp'n Br. at 10.) In its reply, Defendant Middlesex argues that it does not control the actions of Edison Defendants or of the Prosecutor Defendants under *Wright v. State*, 169 N.J. 422, 447 (N.J. 2001). (Middlesex Reply Br. at 1.) As such, Defendant Middlesex argues that Plaintiff fails to state a claim against it and thus it should be dismissed prior to any remand. (*Id.* at 2.)

The Court first notes that a "failure to address even part of a motion in a responsive brief may result in that aspect of the motion being treated as unopposed." *Bordoni v. Chase Home Finance* LLC, 374 F. Supp. 3d 378, 384 (E.D. Pa 2019). As such, the Court will treat the motion for judgment on the pleadings as unopposed because Plaintiff fails to address Defendant Middlesex's arguments for dismissal.

Plaintiff's specific allegations against Middlesex consist of a state law claim of negligent hiring, supervision, or retention of Prosecutor Defendants, Zundel, Carullo, and several John and Jane Doe Prosecutors and Officers.[13] (Compl. ¶¶ 82, 84.) In New Jersey, "an employer who negligently either hires or retains an individual who is incompetent or unfit for the job may be liable to a third party whose injury was proximately caused by the employer's negligence." *DiCosala v. Kay*, 91 N.J. 159, 170 (1982). As discussed above, however, the Prosecutor Defendants have absolute immunity with respect to all claims. The Court also notes that Plaintiff alleges (and Defendant Middlesex does not deny) that Zundel and Carullo are employed by the Township of Edison and/or Edison Township Police Department, not Middlesex. (*Id.* ¶¶ 11–12; Middlesex Answer ¶¶ 11–12.) Moreover, *Wright v. State* provides that, as a matter of state law, the State of New Jersey is liable when employees perform state functions, such as criminal

---

[13] Plaintiff generally alleges all Defendants in each of his counts. However, Plaintiff specifically alleges claims against Defendant Middlesex only in Count IX. Given that no other count provides specific allegations against Defendant Middlesex, the Court will dismiss the counts.

17

investigations. 169 N.J. at 439 (quoting *Cashen v. Spann*, 66 N.J. 541, *cert. denied*, 423 U.S. 829 (1975) ("Accordingly, we held that a county could not be held liable for the actions of the county prosecutor and his detectives when their tortious conduct arose out of the investigation of criminal activity.") As such, Middlesex cannot be held liable for the negligent hiring, supervision, or retention of the named defendants. On the basis of the pleadings, no material issue of fact remains and Defendant Middlesex is entitled to judgment as a matter of law. *DiCarlo*, 530 F.3d at 259. The claims against Defendant Middlesex will therefore be dismissed with prejudice.

## IV. CONCLUSION

For the reasons stated above, the Court will grant in part and deny in part the motions to dismiss and grant the motion for judgment on the pleadings. Plaintiff may file a motion for leave to amend the complaint pursuant to Local Rule 15.1. An appropriate Order will follow.

Date: **August 31, 2022**

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
